PHILIP STICH v. D. P. DICKINSON, RESPONDENTS.—JULIUS GOLDNER, INTERVENOR AND APPELLANT.

APPEAL BY INTERVENOR.—The right of an intervenor to take an appeal is immediate upon the sustaining of an objection, by demurror, to his right to intervene.

RIGHT TO INTERVENE.—In a suit upon a promissory note, by the holder against the maker, a third person, who claims to be the rightful owner of the note, has the right to intervene.

APPEAL from the District Court of the Eleventh District, El Dorado County.

The case is stated in the opinion.

*George E. Williams*, for Appellant.

The appellant relied on the case of *Chandler* v. *Fuller* (10 Texas, 12); *Horn* v. *Volcano Water Co.* (13 Cal. 62.)

*C. J. Carpenter* and *Charles F. Irwin*, for Respondents.

*Coffroth & Spaulding*, of Counsel,

Insisted : First—That the appeal being from an interlocutory order, or judgment, denying the prayer of the appellant to intervene in the suit, and being in advance of final judgment in said suit, is premature and cannot be sustained. (Practice Act, Sec. 336 ; *Wenborn* v. *Boston*, 23 Cal. 231.) Second—The order of the District Court, sustaining defendants' demurrer to appellant's petition for intervention, was properly made, and, upon the grounds alleged, the appellant has no right to intervene.

The right of intervention does not rest upon a gratuitous assertion of hostility against both parties, with the distinct purpose of attacking but one. It presupposes relations between them, and interests of both in the subject-matter are antagonistic to the alleged interests of intervenor, and rendering it adverse to each and all of them. The rights and relations involved must be such as *require mutual adjustment in the same action, and will be affected by the judgment.* And as intervention comes before and ends with judgment, it should not be allowed upon such hypothesis as would, if correct, determine and end the original action. For far more to be abhorred than a multiplicity of separate suits would be a spurious succession of unrelated parties in one action, under the title of intervention. The law and rules of practice favor a multiplicity of suits, to preserve the unity of each, and will not tolerate a sham plaintiff and an abandoned case in Court as a mere convenience or saving of costs to a so-called intervenor. While in open alliance with one of the parties, he must be an alien enemy to the other. (Practice Act, Sec. 659; *Hocker* v. *Kelley*, 14 Cal. 164; *Horn* v. *Volcano Water Company*, 13 Cal. 62.)

CROCKETT, J., delivered the opinion of the Court :

The plaintiff, Stich, claims to be the owner of a note and mortgage made by the defendant, Dickinson, to one Jordan,

since deceased, and prays for a judgment of foreclosure and sale. The defendant, in his answer, denies that the plaintiff is the owner of the note and mortgage, or that he has any interest therein, and sets up other defenses. Goldner filed an intervention, as administrator of Jordan, in which he denies that Stich has or ever had any title to or interest in the note and mortgage, which he avers belonged to Jordan at the time of his death, and to which the intervenor is entitled as his administrator; and he prays for a foreclosure of the mortgage and a sale of the property for the benefit of Jordan's estate. The defendants demurred to the intervention on the ground, among others, that it does not state facts which entitle the intervenor to intervene, inasmuch as it does not show that the intervenor has any interest in the matter in litigation, in the success of either of the parties, or against both or all of them. The demurrer was sustained and a judgment was thereupon entered against the intervenor, from which judgment he prosecutes this appeal.

The respondents claim that the appeal is premature, there having been no final judgment in the action as between the original parties to it. But this position is not tenable. There has been a final judgment against the intervenor, and no further judgment can hereafter be entered as to him. So far as he is concerned, the judgment is final, and ended the litigation in that Court.

Section 659 of the Practice Act provides that any person shall be entitled to intervene who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both; and it permits the intervenor either to join the plaintiff in claiming what is demanded by the complaint, or to unite with the defendant in resisting the claim of the plaintiff, or to demand relief adversely to both the plaintiff and defendant. The intervention in this case comes within the latter category, if either. The intervenor certainly has no interest in common either with the plaintiff or the defendant; but we think he has an interest in the matter in litigation adverse to both, within the meaning of the section referred to. He has an interest against the pretension of the plaintiff to be the owner of the note and

mortgage, and to have a decree of foreclosure for his benefit, and against the defendants for the collection of the debt. The subject-matter of the litigation is the note and mortgage, and the right of the plaintiff to have a decree of foreclosure and sale. The intervenor claims as against the plaintiff that *he*, and not the plaintiff, is entitled to the decree of foreclosure; and as against the defendants, that the mortgaged debt is due and unpaid, and that he is entitled to a foreclosure. In *Horn* v. *The Volcano Water Company* (13 Cal. 70), this Court thus defines the rule: "To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation." In this case the intervenor claims the demand in suit, to wit, the note and mortgage, and we can perceive no reason, founded on the policy of the law, which should preclude the settlement of the whole controversy in one action.

Judgment reversed and cause remanded, with an order to the District Court to overrule the demurrer to the intervention, with leave to the plaintiff and defendants to answer the same.

SPRAGUE, J., expressed no opinion.