## M. J. LUDES, *et al.*, V. HOOD, BONBRIGHT & CO.

1. PRACTICE *in Supreme Court.* H. commenced an action against L. and wife, for the purpose of subjecting certain personal property to the payment of a judgment which H. had previously recovered against L. The plaintiff's petition set forth and alleged, among other things, the foregoing judgment, the issuing of an execution thereon, and the return of the execution unsatisfied; also, that at the time when the debt for which the judgment was rendered was contracted, L. owned and possessed certain personal property subject to execution and to the payment of his debts, which property he afterward transferred to his wife, for the purpose of hindering, delaying and defrauding his creditors; and that he does not own or possess any other property subject to execution. The relief asked for was, that the transfer of this property should be set aside and declared fraudulent and void, as to the creditors of L.; and that the property so transferred, not exempt from execution, should be held to be subject to the lien of said judgment; and that the same should be taken and sold under execution, for the satisfaction of the judgment. The defendants moved to have this petition made more definite and certain in certain particulars, which motion was overruled. They then demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was also overruled. They then filed separate answers, the defendant L. setting up four separate defenses, to the last three of which the plaintiff demurred, which demurrer the court sustained. The defendants then brought the case to the supreme court, on petition in error. *Held,* That the supreme court at most can consider the ruling of the district court on the motion to require the petition to be made more definite and certain, only so far as such ruling affects or is involved in the ruling of the court upon the demurrers.

2. ——— *Cause of Action Stated.* And further, *held,* that the plaintiff's petition unquestionably states a cause of action; that proceedings in aid of execution under the statute are not a substitute for an action in the nature of a creditor's bill, and are not a remedy at all as against the wife of L., except indirectly and by a circuity of action, which is not to be encouraged.

3. ——— *Insufficient Defense.* The defendant set up in his second defense, that the plaintiff had no lien upon any property belonging to L., and that L. did not own any property subject to execution. *Held,* That such facts do not constitute any defense to the plaintiff's action.

4. FACTS—*No Defense.* The defendant L. set forth in his third and fourth defenses, that the plaintiff had previously instituted proceedings in aid of execution upon his judgment; that a referee was appointed, and that L. was examined before the referee with reference to his property, and

4—29 KAS.

with reference to the same property which is now in controversy; that the referee made a report; that the district court refused to make any order upon such report, but finally dismissed the proceedings in aid of execution. *Held,* That these facts do not constitute any defense to the plaintiff's action.

*Error from Saline District Court.*

ACTION by Thomas G. Hood, James Bonbright and six others, partners as *Hood, Bonbright & Co.,* against *M. J. Ludes and wife,* to subject certain personal property to the payment of a judgment which had been rendered in favor of the plaintiffs, and against the defendant husband. The facts appear in the opinion. The defendants bring the case here to obtain a reversal of certain orders and rulings against them at the May Term, 1882, of the district court.

*John Foster,* for plaintiffs in error.

*Garver & Bond,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Hood, Bonbright & Co. against M. J. Ludes and T. M. Ludes, for the purpose of subjecting certain personal property to the payment of a judgment, which had previously been rendered in favor of the plaintiffs against M. J. Ludes. The petition of the plaintiffs set forth and alleged, among other things, the above-mentioned judgment, the issuing of an execution thereon, and the return of such execution unsatisfied; also, that at the time when the debt for which the judgment was rendered was contracted, M. J. Ludes was the owner and possessed of a certain stock of goods and merchandise and other personal property; and that "on —— day of ———, 18—, the exact date being unknown to plaintiffs," he transferred all his personal property subject to execution to T. M. Ludes, the other defendant, who was then, and is now, the wife of said M. J. Ludes, without consideration, and for the purpose and with the intention of hindering, delaying and defrauding his (M. J. Ludes's) creditors; and that he has

personal property, held in the name of T. M. Ludes, which is liable to be taken to pay said judgment, the particular nature and description of which said property is unknown to the plaintiffs; and that M. J. Ludes has no other property subject to execution. The relief asked for was, that the transfer of this property should be set aside, and declared fraudulent and void as to the creditors of M. J. Ludes, and that the property so transferred, not exempt from execution, should be held to be subject to the lien of said judgment, and that the same may be taken and sold under execution for the satisfaction of said judgment.. The defendants made a motion to have this petition made more definite and certain, by setting forth therein a description of the personal property alleged to have been fraudulently transferred, the date when the same was transferred, and the place or state where it was transferred. The court overruled the motion, and the defendants excepted. The defendants then demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties defendant. The demurrer was overruled by the court, and the defendants again excepted. The defendants then filed separate answers. The answer of M. J. Ludes contained four separate defenses: First, a general denial; second, allegations that the plaintiffs had no lien upon any property belonging to M. J. Ludes, and that he did not own any property subject to execution; third, allegations that proceedings in aid of execution had previously been had on the judgment, which proceedings had been dismissed and abandoned, and that no order of the court had been obtained thereon; fourth, allegations that proceedings in aid of execution had previously been had on the judgment with reference to this property, and also allegations supposed to set forth a former adjudication of the matters and things set forth in the plaintiffs' petition. The answer of T. M. Ludes was a general denial. The plaintiffs demurred to the second, third and fourth defenses set up in the answer of M. J. Ludes, on the ground that such defenses did not set forth facts sufficient to constitute any defense to the plaintiffs'

action. The court sustained the demurrer, and the defend-
ants excepted. Before any further proceedings were had in
the case, the defendants brought the case to this court; and
they now ask for a reversal of the foregoing rulings and
orders of the court below.

The defendants below, who are now plaintiffs in error,
complain of all the foregoing rulings and orders of the dis-
trict court, to wit: *First*, the overruling of the defendants'
motion to require the plaintiffs below to make their petition
more definite and certain; *second*, the overruling of the de-
fendants' demurrer to the plaintiffs' petition; *third*, the sus-
taining of the plaintiffs' demurrer to the second, third and
fourth defenses of the answer of M. J. Ludes.

As to the first claim of error, we would say that no re-
versal can be had because of any supposed error committed
by the court below in overruling the defendants' motion to
require the plaintiffs' petition to be made more definite and
certain, for it does not appear that the ruling on such motion
affected prejudicially any substantial right of the defendants
below. It must be remembered that an erroneous ruling or
an erroneous order made by the district court upon a motion
to require the adverse party to make his pleading more defi-
nite and certain is not, under the statutes, a sufficient ground
of itself upon which to found a petition in error in the su-
preme court. There is no statute authorizing any such
thing. It is true, that the statutes authorize a petition in
error for the reversal of an erroneous order which sustains or
overrules a demurrer; and while the statutes do not in terms
give any authority to the supreme court, while reviewing
such an order, to review any other ruling or order, yet it is
probably also true that the supreme court may, while review-
ing an order sustaining or overruling a demurrer,
also consider any other order so far as the same
affects or is involved in the ruling of the court
upon the demurrer. (*National Bank v. Comm'rs of Lyon County*,
25 Kas. 85.) But this we think is the utmost extent to which
the supreme court would be justified in going. It must also

1. Practice in
supreme
court.

be remembered that this case has not yet been tried, and that no final judgment or final order has yet been rendered therein; and therefore we cannot say that the supposed de-fects in the plaintiffs' petition have embarrassed or inconvenienced the defendants in any respect in introducing their evidence, or that they have affected or can affect in any respect the final decision or final judgment to be rendered in the case. Section 542 of the civil code provides that "the supreme court may reverse, vacate or modify *a judgment* of the district court for errors appearing on the record; and in the reversal of such judgment or order, may reverse, vacate or modify *any intermediate order* involving the merits of the action, or any portion thereof." But this provision of the statute has no application to this present case, for no *judgment* or final order has yet been rendered in this case, but the case still remains undetermined and undisposed of in the district court. We might say with reference to the defendants' motion and the plaintiffs' petition, that the defendants probably know much better than the plaintiffs do, everthing connected with the alleged transfer of the property from M. J. Ludes to T. M. Ludes, and that the defendants probably have a much better knowledge of the description of the property, the date of the transfer, and the place where it was transferred, than the plaintiffs have; and hence the defendants will probably not be embarrassed or inconvenienced in any respect in the introduction of their evidence on the final trial. We think, however, that the petition ought to be made more definite and certain, if it is possible for the plaintiffs to do so.

The next question to be considered is, whether the plaintiffs' petition sets forth facts sufficient to constitute a cause 2. Cáuse of ac-    of action. Unquestionably we think it does. tion stated.    Although the plaintiffs had recovered a judgment against the defendant M. J. Ludes, yet they could not easily, if at all, enforce the same against his property, for the reason that he had fraudulently transferred the same to his co-defendant, T. M. Ludes, who was not a party to the judgment,

and who then claimed and now claims to own the same, and thereby making it extremely difficult to sell the property on execution while the title to the same was in dispute and doubtful. We do not think that proceedings in aid of execution are a sufficient remedy in such a case, and certainly not as against Mrs. Ludes, a third party, having no connection with the judgment, and who claims to own the property in her own right. (Freeman on Executions, §§ 394, 424 to 430; 2 Wait's Actions and Defenses, ch. 49, art. 1, pp. 411 to 418.)

Mrs. Ludes is entitled to have her day in court, but she cannot have her day in court in proceedings in aid of execution, in a case in which she is not a party, except by a circuitous action, which is never encouraged, and is generally abhorred both in law and equity. The plaintiffs in error, defendants below, suggest that a receiver might be appointed in proceedings in aid of execution, and that the receiver might commence an action against Mrs. Ludes, to have her title to the property set aside and declared void; but such a proceeding is an indirect and circuitous way of obtaining justice, and the plaintiff in such an action (the receiver) has no personal interest in the controversy or in the result of the suit. Equity will certainly not declare such a remedy a plain, direct, specific and adequate remedy. The soul and spirit of our civil code is that every person, so far as is practicable, shall commence and prosecute his own actions in his own name. (*Crowell v. Ward*, 16 Kas. 61, *et seq.*) But the proceeding suggested by the plaintiffs in error, defendants below, would be a proceeding where a party prosecutes an action through some other person and in some other person's name. Now while this may probably be done in some cases in proceedings in aid of execution, yet it should not be done in any case where the party interested can just as conveniently prosecute the action in his own name. The kind of action which we are now considering is a kind of action of long standing, and is well recognized by all courts of equity, and there is nothing anywhere in the

statutes that attempts in terms to abolish it; and while the
statutes providing for proceedings in aid of execution do not
attempt to annul or destroy any other kind of action or pro-
ceeding, they would really seem to recognize some other kind
of action or proceeding to accomplish the same purpose. · Sec-
tion 481 of the civil code, which is the first section providing
for proceedings in aid of execution, provides that the property
therein mentioned "shall be subject to the payment of such
judgment *by action,* or as hereinafter prescribed." We would
think it would be a great surprise to the legal profession if
we should hold that an action like the present could not be
maintained.

We shall now proceed to consider the order of the district
court sustaining the plaintiffs' demurrer to the second, third
and fourth defenses of the defendant M. J. Ludes's answer.
The second defense was simply that the plaintiffs had no lien
upon any property belonging to M. J. Ludes, and that M. J.
Ludes did not own any property subject to execution. It is
now urged by the plaintiffs in error, defendants below, that if
the plaintiffs below had no lien upon any property belonging
to M. J. Ludes, then that they cannot maintain this action.
This is certainly a mistake. Even if the plain-
3. Insufficient defense. tiffs had no lien upon any property belonging to
M. J. Ludes, or even upon the property transferred by M. J.
Ludes to T. M. Ludes, and which M. J. Ludes now claims
belongs to T. M. Ludes, it would make no difference; and
we really suppose the plaintiffs below did not have any such
lien. But what right had M. J. Ludes to complain of the
order of the court below in sustaining the plaintiffs' demurrer
to this second defense of his answer? The plaintiffs are not
attempting to take any property to which he makes any claim.
They are simply attempting to take property which Mrs. T.
M. Ludes claims. And, in legal contemplation, it cannot
hurt a judgment-debtor very much to· take property belong-
ing to some other person to pay his debts.

The third and fourth defenses of M. J. Ludes's answer may

be considered together. In substance, they are simply that the plaintiffs instituted proceedings in aid of execution upon their judgment; that a referee was appointed; that M. J. Ludes was examined before the referee with reference to his property, and with reference to the same property which is now in controversy; that the referee made a report; that the district court refused to make any order upon such report, but finally dismissed the proceedings in aid of execution. This is the *dismissal* pleaded in the third defense of M. J. Ludes's answer, and the supposed *former adjudication* pleaded in the fourth defense of his answer. We do not think that the matters pleaded in these last-mentioned defenses can operate as a bar to the plaintiffs' action. The proceedings were probably dismissed simply because it was found that Mrs. Ludes was the real party in interest, and that she was not a party to such proceedings. They were probably dismissed for the purpose that some action or proceeding might be instituted in which Mrs. Ludes could be made a party, and that she might then have an opportunity to defend and protect her alleged rights and interests in the property. The decisions of courts in states where proceedings in aid of execution are held by such courts, *under their statutes,* to be substitutes for creditors' bills, can have no application in this state; for we do not think that under our statutes proceedings in aid of execution can be held to be full and complete substitutes for actions in the nature of creditors' bills; but such actions, under our statutes, may still be maintained where the facts are such as to warrant such actions. And again, we might say : What right has M. J. Ludes to complain of this ruling of the court? He admits that he has no interest in the property in controversy, and that all his former interest therein has passed from himself to his wife; and in legal contemplation, it does not hurt him to any considerable extent to take his wife's property to pay his debts. The present action is really and substantially between the plaintiffs and Mrs. Ludes, who claims to own the property, and not between the plaintiffs and M. J.

*4. Facts—no defense.*

Ludes, who makes no claim whatever to the property in controversy. M. J. Ludes, however, was properly made a party defendant.

The judgment of the court below will be affirmed.

All the Justices concurring.