DANIEL S. CLARK v. M. H. BERT *et al.*

No. 67.

CREDITOR'S BILL—*Action, When.* An action in the nature of a
creditor's bill may be maintained under section 481 of the code,
for the purpose of subjecting to the payment of a judgment a
county warrant in the hands of a county clerk, which cannot be
reached by an execution or by the ordinary proceedings in aid
thereof; but, before the judgment creditor can avail himself of
such remedy, it must appear that the debtor has no personal or
real property subject to levy on execution sufficient to satisfy
the judgment.

MEMORANDUM.— Error from Dickinson district
court ; M. B. NICHOLSON, judge. Action brought by
Daniel S. Clark against Michael H. Bert, B. M. Wal-

lace, and C. H. Merrill, copartners as The Abilene Bridge Company, to subject a county warrant in the hands of defendant Bert, as county clerk, to the payment of a judgment obtained by plaintiff against said bridge company. Judgment for defendants. Plaintiff brings the case here. Affirmed. The opinion herein, filed December 2, 1895, states the case.

*John H. Mahan*, for plaintiff in error.

*B. C. Cranston*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The plaintiff in error, who was plaintiff below, commenced an action under section 481 of the code, for the purpose of subjecting to the payment of a judgment which he had obtained against the Abilene Bridge Company, a Dickinson county warrant drawn in favor of the bridge company and in the hands of M. H. Bert, as county clerk of that county. In his petition the plaintiff alleged the recovery of a judgment before a justice of the peace against said bridge company ; the issuing of an execution, and the return thereof unsatisfied for the want of personal property on which to levy the same ; the issuing of a garnishment summons to the said M. H. Bert and his answer thereto, before the justice, admitting the holding by him, as county clerk, of a county warrant of the value of $126, drawn by him, as county clerk of Dickinson county, on the treasurer of said county, payable to the order of the Abilene Bridge Company. Plaintiff further alleged, that said bridge company was wholly insolvent, and that it had no other property out of which the plaintiff could make his judgment. The plaintiff. asked that a receiver be appointed to take possession of said county warrant,

and collect and apply the same to the payment of said judgment. Issues were joined upon this petition by answers filed by the Abilene Bridge Company, as well as by the county clerk, setting up as defenses a general denial, and further alleging that the money due on the warrant did not belong to the Abilene Bridge Company, but had, prior to the commencement of the action, been assigned and transferred to other parties. A trial was had by the court and judgment rendered for the defendants, the court assigning as the reason therefor "that the county warrant mentioned in the plaintiff's petition is not such property as is liable to be garnished or taken to be applied to the payment of the plaintiff's judgment."

We think the decision and judgment of the trial court must be sustained, whatever may be the views of this court as to the reasons assigned therefor. A decision which the record shows is the only proper one that could have been made will not be disturbed by an appellate court simply because it may not agree with the particular reason assigned by the trial court for its conclusions. No satisfactory reason has been suggested why the section of the statute under which this proceeding was had is not broad enough to embrace anything of value, without regard to its character or situation, which is not subject to levy on execution. Property in the hands of a public officer, such as a county clerk, cannot be reached by a proceeding in garnishment. (*Switzer v. City of Wellington*, 40 Kan. 250; *National Bank v. City of Ottawa*, 43 id. 294.) But a rule which rests simply upon grounds of public policy, and is enforced merely to avoid interference with public duties, certainly does not wholly exempt property so situated from the claims

Clark v. Bart.

of a creditor. An action of this nature, we think, may be maintained for the purpose of reaching any property of a judgment debtor, when, because of its peculiar character or situation, it cannot be subjected to the payment of the judgment, either by an execution, or by the more summary proceedings in aid thereof. (*Ludes v. Hood*, 29 Kan. 55 ; *Pendleton v. Perkins*, 49 Mo. 565.) Be this as it may, however, before such an action can be maintained, it must be shown that the judgment debtor proceeded against "has not personal or real property subject to levy on execution sufficient to satisfy the judgment." The record before us, purporting to include all the evidence introduced upon the trial, contains nothing tending to show the financial condition of the Abilene Bridge Company. For all that appears, there may have been both personal and real property upon which an execution could have been levied, and which would have been sufficient to satisfy the judgment. In this respect the plaintiff failed to prove material and essential allegations of his petition. Counsel for the plaintiff in error, in his brief, says, that it was agreed in the beginning of the case that the only question to be submitted for the decision of the trial court was the right of the plaintiff, by this action, to subject this county warrant to the payment of his debt. Counsel for the defendants in error denies that any such agreement was made, and in his brief makes the specific objection, "that it was not shown anywhere that the judgment debtors have no property, personal or real, subject to levy on execution, sufficient to satisfy the judgment." This court cannot consider agreements of counsel affecting the proceedings in the lower court unless they are embraced in the record. The reason assigned by the trial judge for his decision indicates

that the trial may have been conducted upon some such understanding or agreement as claimed by counsel for plaintiff in error ; but we have no right to review the case upon mere presumptions of what may have occurred.

The judgment will be affirmed.

All the Judges concurring.