FRANCOIS X. ROBERT *vs.* JOSEPH T. ROUSSEAU *et al.*

JUNE 25, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mechanic's Lien. Final Decrees. Appeal.*

A decree of the Superior Court declaring the right of a petitioner to a lien under Gen. Laws cap. 206, is a final adjudication as to the right of the petitioner and subject to appeal under the provisions of section 328 of the court and practice act.

MECHANIC'S LIEN. Heard on motion of petitioner to dismiss appeal of respondent, and motion denied.

PARKHURST, J. The main proceeding in this cause is a petition for the enforcement of a mechanic's lien and for the sale of certain described property to satisfy such lien, under the provisions of chapter 206, General Laws of Rhode Island, and amendments thereto.

By decree duly entered on the 2nd day of February, 1907, the Superior Court for the county of Providence decreed "that the petitioner had a legal claim against the property described in the petition at the time of filing the petition, by virtue of chapter 206 of the General Laws and the amendments thereto," and that the cause be referred to a master in the usual form.

From that decree, on the 2nd day of March, 1907, the re-

spondents appealed to this court, claiming that the decree was erroneous and should be set aside and that the petition should be dismissed.

The cause is now before this court on the petitioner's motion to dismiss this appeal, on the ground that the decree is not final and so not appealable under section 328 of the court and practice act.

(1)     We are of the opinion that the petitioner's contention is not sound in law.

In the case of *Sweet et al.* v. *James,* 2 R. I. 270, p. 281, *et seq.,* in 1852, under the statute then in force relating to mechanics' liens, a decree was entered in the then Court of Common Pleas similar in form to the decree herein, and the case was sent to a master; and subsequently an appeal to the Supreme Court was taken from the decree on the master's report, under the the statute then in force. It was claimed on behalf of the appellants that this appeal vacated not only the decree relating to the master's report and exceptions thereto, but also the earlier decree declaring the petitioner entitled to a lien and referring the case to a master, thereby endeavoring to treat the first decree as interlocutory. The Supreme Court, however, held that the first decree was not interlocutory, and therefore was not vacated by the appeal from the later decree, but that the first decree was final in the court which made it. As the first decree was not appealed from, the court does not decide what would have been the effect if an appeal from that decree had been taken. While, therefore, the case of *Sweet* v. *James, supra,* is not a decisive authority in the matter now before us, it does decide that a decree like the one in question is a final decree so far as it adjudicates any substantial right of the petitioning creditor, and will not be opened or vacated by an appeal from a subsequent decree.

No other case in Rhode Island has been called to our attention relating to such question in lien cases, and we do not know that the exact question has ever been decided here.

There are, however, many analogous cases from other jurisdictions where decrees of a similar nature have been held final and appealable. Thus in mortgage foreclosure suits, or cred-

itors' bills, where a receiver has been appointed and where a lien is sought to be established and property sold, the petitions of intervening creditors claiming priority to the mortgage lien are frequently entertained and adjudicated pending the main proceedings and the decrees adjudicating the petitioner's rights to priority or postponement are treated as final decrees, subject to appeal, although the principal case is not ripe for appeal. *Voorhees* v. *Indianapolis, etc., Co.*, 140 Ind. 220, 224, 227; *Central Trust Co.* v. *Marietta, &c., R. Co.*, 48 Fed. Rep. 851; *Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 207, 224, 225; *Central Trust Co.* v. *Madden*, 70 Fed. Rep. 451, 452; *Thornton* v. *Highland, etc., R. Co.*, 94 Ala, 353; *Stich* v. *Goldner*, 38 Cal. 608, *Henry* v. *Travelers' Ins. Co.*, 16 Colo. 179.

And the same rule has been applied in partition cases or bills to enforce conveyances of real estate where the preliminary decree adjudicates the title of the parties to the lands sought to be partitioned or conveyed, although there is a reference in the same decree to a master or referee or commissioners to ascertain and report as to conflicting claims or equities or to make partition, &c. *Allison* v. *Drake*, 145 Ill. 500, 510; *McMurray* v. *Day*, 70 Iowa, 671. So also, in cases relating to settlement of partnership affairs, where the preliminary decree has fixed the status or adjudicated the rights of the partners or creditors and sent the case to a master for an accounting. *Hake* v. *Coach*, 105 Mich. 425, 431; *Barry* v. *Briggs*, 22 Mich. 201, 204.

As in the cases above cited, the decree in this case is a final adjudication as to the right of the petitioner to a lien upon the land described in the petition; and we think an appeal therefrom might be properly taken under the provisions of section 328 of the court and practice act.

The motion to dismiss the appeal is therefore denied.

*Edwin C. Pierce*, for plaintiff.

*Elmer J. Rathbun and Frank Steere*, for respondents.