[Civ. No. 2779.    Third Appellate District.—March 6, 1924.]

## H. G. KELSEY et al., Respondents, v. MERCED IRRIGA-TION DISTRICT et al., Respondents; L. E. DANLEY, Intervener and Appellant.

[1]  APPEAL — INTERVENTION — DISMISSAL—JUDGMENT-ROLL—RECORD.— Where a complaint in intervention is permitted to be filed, and defendants' demurrer to such complaint is sustained and judgment of dismissal entered, a complete judgment-roll is established, so far as the court's ruling and judgment on said complaint in intervention is concerned; and a bill of exceptions presenting the ruling on the demurrer is not necessary to permit the appellate court to consider the merits of the controversy.

(1) 4 **C. J.,** p. 179, sec. 1786.

APPEAL from an order of the Superior Court of Merced County.   J. J. Trabucco, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court and in *Danley* v. *Merced Irr. Dist., ante,* p. 97 [226 Pac. 847].

James F. Peck and Robert L. McWilliams for Appellant.

A. L. Cowell and Edward F. Treadwell for Respondents.

PLUMMER, J.—This action was begun by the above-named plaintiffs against the above-named defendants to determine the rights of the plaintiffs, as contract holders, to certain water rights obtained by them from the Crocker-Huffman Land and Water Company, the water rights of which company had been purchased by the defendant Merced Irrigation District.   L. E. Danley, the appellant in this action, after obtaining leave therefor, filed a complaint in intervention.   This complaint set out the necessary juris-dictional facts as to his being a land owner and taxpayer within the exterior boundaries of the Merced Irrigation Dis-trict.   To this petition in intervention the defendants de-murred.   This demurrer of the defendants to the appellant's complaint in intervention was sustained without leave to amend, and judgment of dismissal thereafter entered.   From this judgment the intervener, L. E. Danley, appeals.   All

66 Cal. App.—8

the matters considered in the case of *L. E. Danley* v. *Merced Irr. Dist., ante,* p. 97 [226 Pac. 847], are presented for consideration in this case, but, as we have gone into them quite fully, it is unnecessary to again set them forth. [1] The further objection is made that this court cannot consider the merits of the controversy by reason of the fact that the ruling of the trial court upon the defendants' demurrer is not presented by a bill of exceptions. Respondents base this contention upon the holding in the case of *Stich* v. *Goldner,* 38 Cal. 608. That case, however, differs from this. There the intervener had been denied the right to file a petition in intervention and consequently there was no judgment entered against him from which he could appeal. In the present case the petitioner was allowed to intervene, defendants' demurrer to the petition or complaint in intervention was sustained, and judgment of dismissal entered. We thus have a complete judgment-roll so far as ruling and judgment on the appellant's petition for intervention is concerned. There being no other points involved in this case that have not been considered in the Danley case, we, therefore, upon the authority of that case, hold that the ruling of the trial court in sustaining the defendants' demurrer to the intervener's complaint in intervention was erroneous, and that the judgment entered thereon should be and the same is hereby ordered reversed, with leave to the defendants to file answers to the appellant's complaint in intervention within such reasonable time as may be allowed by the trial court.

Finch, P. J., and Hart, J., concurred.

A petition by respondents to have this cause and *Danley* v. *Merced Irr. Dist., ante,* p. 97, heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1924, and an opinion then rendered thereon (see *ante,* p. 97).