[Civ. No. 2931. Third Appellate District.—December 29, 1925.]

## L. E. DANLEY, Appellant, v. MERCED IRRIGATION DISTRICT et al., Respondents.

[1] COSTS—RIGHT OF RECOVERY.—The right to recover costs is statutory and warrant for their recovery must be found in some statute.

[2] ID.—PAYMENT BY THIRD PERSON—RIGHT OF RECOVERY—MOTION TO TAX.—Where costs are actually paid, it is immaterial whether plaintiff paid the same personally or procured the payment thereof to be made by another person under an agreement that he would repay said other person the amount thereof; and the question whether plaintiff obligated himself to repay the sums which said other person advanced and paid for him is a question between them, and any controversy between them cannot appropriately be litigated on a motion by defendant to tax costs in an action in which said other person is not a party.

[3] ID.—VALIDITY OF AGREEMENT FOR ADVANCEMENT AND REPAYMENT OF COSTS.—Where an individual and a corporation are land owners in an irrigation district, and in common with all other land owners therein, they are both interested in preventing the execution of an unlawful contract obligating the district to pay certain persons a total sum of more than a million dollars, it is not improper for the corporation to agree to advance the costs of a suit to be instituted in the name of said individual for the purpose of restraining the execution of said illegal contract, and for said individual to agree to repay to the corporation the costs he recovers in the action.

[4] ID.—RECOVERY OF COSTS BY PREVAILING PARTY—ASSUMPTION OF PARTIES.—When said individual and corporation land owners enter in such agreement relating to the costs in the contemplated action, they have the right to assume that if the plaintiff prevails he will be given judgment for his costs and that payment of the amount thereof by the irrigation district can be enforced; and it must be presumed that they acted upon that assumption in making the agreement for the repayment to the corporation of the costs recovered in the action.

(1) 15 C. J., p. 21, n. 26, p. 22, n. 27, p. 240, n. 97, p. 264, n. 63, p. 271, n. 36. (2) 15 C. J., p. 240, n. 97. (3) 15 C. J., p. 107, n. 93 New. (4) 13 C. J., p. 540, n. 22.

1. See 7 Cal. Jur. 254; 7 R. C. L. 781.
2. See 7 Cal. Jur. 269, and Supplement.
3. See 26 Cal. Jur. 558, n. 16.

APPEAL from an order of the Superior Court of Merced County striking out all items of costs. *J. J.* Trabucco, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

James F. Peck and Robert L. McWilliams for Appellant.

E. F. Treadwell, A. L. Cowell, F. W. Henderson and R. S. Laughlin, for Respondents.

FINCH, P. J.—The plaintiff, as a land owner in the defendant District, brought the above-entitled action to restrain the District and its board of directors from entering into an unlawful contract obligating the District to pay certain persons a total sum of more than a million dollars. The trial court sustained defendants' demurrer to the complaint without leave to amend and entered judgment in favor of defendants. The plaintiff appealed and the judgment was reversed with direction to overrule the demurrer, and the appellant was given judgment for his costs of appeal. (*Danley* v. *Merced Irr. Dist.*, 66 Cal. App. 97 [226 Pac. 847, 854].) Within due time after the filing of the *remittitur* in the trial court, the plaintiff filed therein his memorandum of costs and disbursements on appeal. The defendants duly served and filed their notice of motion to reduce certain items claimed by plaintiff as costs, on the ground that the amounts thereof were excessive, and to strike out all of the items of the cost bill "on the ground that none of the same were paid or incurred by the said plaintiff and appellant, but that on the contrary the same were entirely incurred and paid by parties other than the plaintiff and appellant." The motion was heard and determined upon affidavits and the court made an order "striking out all items." The plaintiff has appealed from the order. The only evidence bearing upon the question in issue is contained in the affidavit of James F. Peck, attorney for plaintiff, and is as follows:

"That it is true that said L. E. Danley did not pay directly in the first instance any of the costs in the above-entitled action, nor in the companion case of *Kelsey* v. *Merced Irrigation District*, but the said Danley arranged for the payment

by the Crocker-Huffman Land and Water Company of said costs, and said costs were paid by the Crocker-Huffman Land and Water Company, and in this behalf affiant alleges that said Crocker-Huffman Land and Water Company, being a land owner in said Merced Irrigation District (and said Danley being likewise an owner of land in said Merced Irrigation District, as alleged in the bill of intervention herein), agreed with the said L. E. Danley that the said L. E. Danley should institute said action and prosecute said intervention in the name of the said Danley, and that the said Crocker-Huffman Land and Water Company would advance to said Danley and for his use, all the costs that said Danley should expend in said action, and that if the said Danley should recover the said costs the said Danley should pay to the Crocker-Huffman Land and Water Company such sums as it had expended or incurred therein, and said Danley, who is likewise a property owner in said District and interested in prosecuting the said action, in the same manner, but to a lesser amount than the Crocker-Huffman Land and Water Company, did commence and maintain the said suit and said appeals, under said arrangement, as to payment of costs of suit and appeals.

"Affiant further alleges that prior to the printing of the transcripts in the above-entitled action and in the companion case of *Kelsey* v. *Merced Irrigation District,* affiant endeavored, through R. L. McWilliams, an attorney associated with him in said case, to secure from counsel, E. F. Treadwell, for the respondents therein, a stipulation for the printing of one transcript on appeal to be used in the two appeals, in order to reduce the expense thereof, but that said attorney for said respondents refused to agree thereto, or to join in said stipulation, and said attorney for respondents insisted that two transcripts be printed and filed, one thereof in each appeal."

The plaintiff sued to protect the District from the unauthorized act contemplated by its board of directors and the District, through the board, resisted his efforts and thereby caused him to incur the heavy expense of an appeal, and, further, by refusing to make the stipulation mentioned in the affidavit, put him to the unnecessary expense of printing two transcripts, where apparently one would have answered

every purpose of both appeals. The questions presented by both appeals were identical. (*Kelsey* v. *Merced Irr. Dist.*, 66 Cal. App. 113 [226 Pac. 853, 854].) The defendant District, as well as the plaintiff, is largely benefited by the result of the suit. On every principle of natural justice, therefore, the plaintiff is entitled to recover his costs of appeal. [1] The right to recover costs, however, is statutory and "warrant for their recovery must be found in some statute." (*Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570, 573 [171 Pac. 299, 300].) Section 1027 of the Code of Civil Procedure provides: "The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court. The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal, including the costs of printing briefs." [2] In this case the costs were actually paid, and it appears to be immaterial whether the plaintiff paid the same personally or procured the payment thereof to be made by another person under an agreement that he would repay such other person the amount thereof. Respondents contend that the plaintiff "did not either actually pay out any amount or incur any expense in connection with his appeal. It will be impossible for him to incur any expense unless he recover costs in this action, for he cannot incur expense by paying amounts which he is under no obligation to pay, but he has not even done that. Costs cannot be recovered for the purpose of incurring the expense for which the costs are allowed. He cannot under the facts in this case incur expense until he recovers costs, and he cannot under the law recover costs until he incurs expense." Plaintiff incurred such expenses when he procured the services for which the costs are claimed. The question here presented is not whether he incurred such expenses or paid the same, but whether he obligated himself to repay the sums which the Crocker-Huffman Company advanced and paid for him. That seems to be a question between him and that company, and any controversy between them cannot appropriately be litigated on a motion to tax costs in an action to which the company is not a party. But

if it be conceded that respondents are in a position to raise the question, no sound reason appears for holding that the plaintiff is precluded by the agreement from recovering costs.

[3] The substance of respondents' contention is that the agreement between the plaintiff and the Crocker-Huffman Company is wholly ineffectual and by its very terms defeats the evident intention of the parties. The Crocker-Huffman Company was not an officious intermeddler in the suit. Both parties to the agreement were land owners in the defendant District and, in common with all other land owners therein, they were both interested in preventing the execution of the unlawful contract alleged in the complaint. A suit by one land owner would as effectively accomplish that purpose as a suit by all. It is not uncommon or improper for many persons who have a common interest in the subject matter of a controversy to advance the costs of a suit by one of them to protect the rights of all. This is especially true in actions by taxpayers to enjoin the unlawful use of public funds. No case has been cited holding that the plaintiff in such an action cannot recover his costs of suit on the mere ground that his obligation to repay those contributing to the expense of the action is conditional upon his recovering costs. [4] When the plaintiff and the Crocker-Huffman Company entered into the agreement stated in the affidavit, they had the right to assume that if the plaintiff prevailed in the contemplated action he would be given judgment for his costs and that payment of the amount thereof by the District could be enforced. It must be presumed that they acted upon that assumption in making the agreement. "It is not to be presumed that parties deliberately enter into an agreement which calls for an impossible condition or event as a test of performance." (*Saunders* v. *Clark,* 29 Cal. 300, 306.) The agreement is neither unusual nor improper. Courts are authorized, in proper cases, to allow persons acting in trust capacities, such as guardians, administrators, and trustees of express trusts, the necessary expenses of administering their trusts, including reasonable attorney fees. Attorneys frequently agree with such trustees to accept as compensation for professional services whatever the court may allow the trustee for that purpose. In such a case it would hardly be contended, merely because the trustee may

be under no legal obligation to pay anything to his attorney unless and until the court makes an allowance therefor, that the court could not allow the trustee any sum whatever with which to pay the attorney for his services. The trustee and his attorney would have the right to contract upon the assumption that the court would allow a reasonable sum for attorney fees, just as the parties to the agreement in question here had the right to assume that plaintiff would be allowed his reasonable costs of suit. There seems to be no distinction in principle between the assumed case and the one here under consideration. Respondent relies upon the case of *Mudd* v. *Mudd*, 98 Cal. 320 [33 Pac. 114], an action by a husband against his wife for divorce, in which it was held error to require the plaintiff to pay his wife counsel fees in the action, upon the ground that her attorneys had agreed to give their services gratuitously. The two cases are not parallel. If the attorneys for the defendant in the Mudd case had agreed with her, as is usual in such cases, to accept as compensation for their services such amount as the court might allow her for attorney fees, she would undoubtedly have been entitled to a reasonable allowance therefor.

The order is reversed and the trial court is directed to hear and determine the motion to tax costs in accordance with the views herein expressed.

Hart, J., and Plummer, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1926.