## TAYLOR v. ADAIR, AND GOFF, INTERVENOR.

1. **Pleading and practice :** INTERVENTION. The equitable owner of a promissory note may assert his rights and obtain a recovery, by intervening in an action at law, commenced by the person holding the possession and legal title to the note, against the maker. In such case the intervenor claims adversely to both plaintiff and defendant. § 2930, Rev. 1860.

*Appeal from Butler District Court.*

TUESDAY, JUNE 11.

INTERVENTION: NATURE OF THE RIGHT.—The question in this case relates to the right of Goff to intervene. The original action was brought by A. N. Taylor, the payee of two promissory notes, in the usual form, made by William Adair and George W. Adair, each dated May, 13th, 1863 ; one for $400 at one year, the other for $21 at three months from date. The petition was in the usual form. The Adairs were served, but made no defense. One E. P. Goff, as the executor of the estate of *Charles* Taylor, deceased, filed the following petition to be allowed to intervene, to wit :

| "A. N. TAYLOR<br>v.<br>'WILLIAM ADAIR and G. W. ADAIR. | In District Court of Butler county, Iowa. |

"Your petitioner, Edwin P. Goff, executor of the estate of Charles Taylor, deceased, alleges that, on the 13th

day of May, 1863, the said William Adair was indebted
to the said Charles Taylor, deceased, in the sum of $421.
That on said 13th of May, 1863, the said A. N. Taylor
caused the said William Adair and G. W. Adair to exe-
cute and deliver to him the notes mentioned in plaintiff's
petition; that the consideration for said notes was the
said indebtedness to the said Charles Taylor, deceased.
That the said A. N. Taylor never had any authority to
take said notes in his own name.    That said notes justly
belong to the estate of said Charles Taylor, deceased.
That the said A. N. Taylor has no interest in said notes,
except that the said A. N. Taylor has the legal title
thereto.    The said Edwin P. Goff further states that on
the 7th day of July, 1863, he was appointed executor of
the estate of the said Charles Taylor, deceased, by the
County Court of Linn county, Iowa, and that he is still
the executor of said estate and acting as such.    The said
E. P. Goff, therefore, asks that he may be allowed to
intervene in the above entitled cause and be permitted to
become a party plaintiff, and that the judgment in said
cause be rendered in favor of the said Edwin P. Goff, as
executor of the estate of said Charles Taylor, deceased.

"EDWIN P. GOFF,
" As executor of the estate of Charles Taylor, deceased."

To the petition of intervention the plaintiff, A. N
Taylor, demurred, " for the reason that the said petition
does not state facts sufficient to constitute a cause of
action or of intervention.    The petition admits that the
plaintiff has the legal title to the note; that is sufficient
and conclusive so far as this case is concerned, it being an
action at law, and the petitioner (Goff) must go into equity
if he has an equitable interest.    The said Goff does not
join in what is sought by plaintiff's petition."

Upon this ground the court sustained the demurrer to

the petition of intervention, from which decision Goff appeals. The makers of the note interposing no defense, judgment was thereupon rendered against them in favor of the plaintiff, A. N. Taylor.

*John E. Burke* for Goff, the appellant.

*J. B. Powers* for the appellee, A. N. Taylor.

DILLON, J. — To the lawyer not thoroughly conversant with the sweeping and radical changes in procedure and practice made by the Revision, the proposition that such an intervention as that sought in the present instance is allowable, would be not a little startling. But our Code (§ 2608) abolishes "the forms of all actions and suits heretofore existing," and declares that there shall be but one form of action — a civil action. A mistake as to whether the action should be at law or in equity is no longer fatal. If wrong, it may be changed (§ 2613) without abatement or dismissal (§ 2616), and is waived by failure seasonably to move its correction (§ 2619). Uniformity of procedure is also the rule concerning the prosecution of civil actions (§ 2620). All prior forms of actions and pleadings are also abolished, and the rules of the Code, and not those laid down by Stephen and Chitty, are the tests to determine the sufficiency of all pleadings (§ 2872). The defendant may plead as many defenses as he may have, whether legal or equitable; not only so, but he may set up as many set-offs, counter claims or cross demands as he may have, whether legal or equitable. New parties may be made, and all the machinery is provided to enable parties to adjust their disputes and differences in one and the same action (§ 2890 *et seq*).

A design to avoid needless multiplicity of actions is everywhere apparent in the present system of procedure.

1. PLEADING AND PRACTICE: intervention.

Consonant with the other provisions of this system, are those giving and regulating the rights of *third parties* to intervene in a pending action. §§ 2930–32.

Section 2930 is very broad. It enacts "That any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. An intervention takes place when a third party is permitted to become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of plaintiff, or by demanding any thing adversely to both the plaintiff and defendant."

Applying this section to the case in hand, we first inquire whether Goff, as the executor of Charles Taylor, has "an interest in the matter in litigation." What was the matter in litigation? Clearly the debt which Adair owed. We say the debt rather than the note, for the debt is the substance of which the note is simply a memorial, or visible evidence. Now this debt is alleged, and on the record admitted, to be owing by Adair to Charles Taylor, and not to the plaintiff. If Charles or his executor had possession of the notes, though they are made payable to the plaintiff, he might, on showing his real ownership, sue thereon in his own name. *Cottle* v. *Cole*, 20 Iowa, 481, and cases there cited.

So, although plaintiff might sue in his own name on the notes, they being made payable to him, yet if they were in reality the property of Charles, the maker might avail himself of any defense he might have against Charles. These considerations are advanced to illustrate how thoroughly the law penetrates beyond names and forms and externals, into the very substance and kernel.

Now if the plaintiff succeeds, he recovers that which, on the assumption of the truth of the petition of inter-

Taylor v. Adair and Goff.

vention, belonged to another; that which Charles or his representatives may sue him for and compel him to pay. He may be insolvent. He may, if he recovers the judgment, assign it. Why should the real owner of the debt not have the privilege of coming into court, and on establishing, as against the plaintiff, the right to the debt, directly recover it in his own name. This avoids multiplicity of actions, consequent delay and augmented costs. It cannot unduly prejudice the plaintiff. It may, as above suggested, be the only protection against the insolvency or fraud of the plaintiff. We have said that this cannot prejudice the plaintiff, for the court can prevent any unnecessary delay in the determination of the intervention issues.

We are not prepared to admit the truth of the proposition laid down in the demurrer, that the interest of Charles is of such nature as that it could be asserted against the plaintiff only in a court of equity.

Nor are we prepared to admit the further proposition, that, in a law action, an intervenor's "interest in the matter in litigation" must be a legal interest to entitle him to the benefit of the statute.

Without prolonging the discussion, we conclude by announcing it as the opinion of the court, that this is a case in which the appellant has shown that he has "an interest in the matter in litigation against both parties," a case in which he demands something adversely to both plaintiff and defendant." Rev., § 2930. This interest is adverse to the plaintiff, as he claims against *him* the ownership of the note or debt. His interest is adverse to the defendant, since he claims to recover against *him* a judgment for the amount of the note.

The judgment of the District Court against the appellant is reversed, and the cause remanded for further proceedings. If the judgment in plaintiffs' favor against

the defendant is not collected or paid to plaintiff, it, or the money, will be held to await the result of the determination of the issues between the plaintiff and the intervenor. If not before collected, and the intervenor is successful, the court will order an assignment thereof to him. If before collected, and the intervenor prevails, the court will direct the money to be paid to him.

Reversed.