[No. 679.]

## THOMAS J. HARLAN, RESPONDENT, v. EUREKA MINING COMPANY, APPELLANT, JACKSON MINING COMPANY, INTERVENER AND APPELLANT.

INTEREST OF INTERVENER IN SUIT.—To entitle a person to intervene, he must have such an interest in the matter in litigation that he would either gain or lose by the direct legal operation and effect of the judgment which might be rendered in the suit between the original parties.

OBJECTIONS TO INSUFFICIENCY OF PETITION.—Where there is no statement of any fact which entitles petitioner to intervene, the petition must be treated the same as a complaint which fails to state facts sufficient to constitute a cause of action; hence an objection to its sufficiency can be taken at any time.

TESTIMONY IMPROPERLY ADMITTED MUST BE DISREGARDED.—The defendant cannot avail itself of the testimony admitted upon the issues presented by an intervention that was improperly allowed by the court.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

This action was brought by plaintiff to recover of and from defendant the sum of three thousand one hundred and forty-four dollars, the value of certain ore claimed to have been sold and delivered by plaintiff to defendant.

The Jackson Mining Company was allowed to intervene without objection. After all the testimony had been introduced upon the issues presented by the intervener, the plaintiff moved the court for judgment against the defendant for the amount prayed for in the complaint, upon the grounds: First. That the petition for intervention did not state facts sufficient to constitute a cause for intervention. Second. That intervener had no interest in the matter in litigation.

The court overruled the motion, and plaintiff excepted.

The plaintiff obtained a judgment. The defendant and intervener appeal from the judgment and from the order of the court overruling their motion for a new trial.

The objections made to the petition of intervention were the only questions considered on appeal.

*A. M. Hillhouse and Thomas Laspeyre,* for Appellants.

I. Our statute allows any one who has an interest to intervene, and either join with plaintiff or defendant in asking relief, or to claim relief against both. The latter is the situation of intervener here. The interest in the matter of litigation need not be in the subject-matter of the action, but in its results. In the California cases referred to the intervention was held improper, because the party claiming the right was a creditor at large with no lien of attachment or otherwise. All the other cases permit intervention where a creditor has obtained a lien upon the property sought to be held as security to pay a judgment that might be obtained. In these cases the intervener had no interest in the subject-matter of the suit, but had in the property sought to be held to secure such judgment as might be obtained.

II. No objection was made to the intervention until the trial was closed. It was ordered by the court without objection, and plaintiff filed an answer to the intervention, taking issue on the ownership of the ore, and on trial introduced all his evidence upon the hypothesis that that was the issue to be tried.

III. If there is any objection to this intervention, it is only that it unites in one suit an action in the nature of tort with one on contract; and in all such cases when no objection is taken by demurrer they are waived.

*Thomas Wren,* for Respondent.

I. The Jackson Company had no right to intervene. It had no interest in the matter in litigation of such a direct character that it would have either gained or lost by the direct legal operation and effect of the judgment. (*Horn* v. *Volcano Water Company,* 13 Cal. 62.)

II. There is nothing in the point made by counsel for appellants that the objection to the intervention was not taken in time. The same point was raised in the case above cited and overruled.

By the Court, HAWLEY, C. J.:

The sale and delivery of certain ore by plaintiff Harlan to the Eureka Consolidated Mining Company, defendant, and the value thereof, were the only issues raised by the complaint and answer. The Jackson Mining Company was, by leave of the court, allowed to intervene and become a party to said action upon filing a petition, alleging: That it was the owner, and entitled to the possession of the ore; that the plaintiff and one N. P. Copp wrongfully and unlawfully took the same, and the said N. P. Copp pretended to make sale thereof to the said defendant; that said defendant thereupon took possession of said ore, and worked and converted the same to its own use and benefit, to the damage of the Jackson Mining Company in the sum of three thousand one hundred and forty-four dollars. It prayed judgment against both plaintiff and defendant for the value of said ore. Plaintiff filed an answer denying the allegations of intervener, and the cause was tried upon the issues thus presented. A verdict was rendered in favor of plaintiff against defendant for the value of the ore, assessed at three thousand one hundred and forty-four dollars. Both defendant and intervener appeal.

Plaintiff contends: First, that there is no conflict upon the issues made by the complaint and answer. Second, that the intervener was improperly in court because its petition did not state facts sufficient to constitute a cause of intervention, and thereupon argues that this Court cannot consider the merits of this appeal upon the issues presented by the petition of intervention. We think this objection is well taken. It is only necessary to consider the second point, as there is no controversy upon the first. The Practice Act provides that "any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both." (Stat. 1869, p. 287, Sec. 599.)

As a general rule, we think it is well settled that to en-

title a person to intervene he must have such an interest in the matter in litigation that he would either gain or lose by the direct legal operation and effect of the judgment which might be rendered in the suit between the original parties. The code of practice in Louisiana is similar to the provisions of the statute of this State.   In *Brown & Sons* v. *Saul et al.*, the court held that the code contemplated an interest which the intervener might have connected with that of one or the other of the original parties to a suit either plaintiff or defendant.   "The interest," said Mathews, J., "must be direct and closely connected with the object in dispute, founded on some right, claim, or lien, either conventional or legal."   (4 Martin La. N. S. 436.)   The same justice, in the case of *Gasquet et al.* v. *Johnson et al.*, after quoting the provisions of the code, said: "This we suppose must be a direct interest by which the intervening party is to obtain immediate gain, or suffer loss by the judgment which may be rendered between the original parties."   (1 La. O. S. 158.)

The statute of California is identical with the statute of this State.   In *Horn* v. *The Volcano Water Company*, Field, J., in delivering the opinion of the court, said: "The interest mentioned in the statute which entitles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment."   (13 Cal. 69.)

In the case under consideration, the intervener had no union of interest in relation to the subject-matter in dispute between the original parties.   It must take the action as it found it, and cannot change an action upon contract to an action of tort.   Conceding that the intervener was the owner of the ore, and that it could elect to waive the tort and sue for the value, it certainly would not be entitled to recover the same in an action upon an express contract made by other parties.   It made no difference to the intervener whether plaintiff or defendant lost or won the suit.

Its right of action against either or both would not have been in any manner affected by any judgment that could be rendered between the original parties. We are satisfied that the intervener in this case had no such interest in the matter in litigation between plaintiff and defendant, either in favor of or against either party, or adversely to both, as is contemplated by the statute.

Intervener insists that this objection should not be considered by this Court, because it was not taken in the court below at the proper time. If the petition had stated facts sufficient to constitute a cause of intervention, this position would be correct. Any informality or imperfection in the statement of facts would be deemed to have been waived. But this is not such a case. Here, there is no statement of any fact which entitled the Jackson Mining Company to intervene, and the petition must be treated the same as a complaint which fails to state facts sufficient to constitute a cause of action. This disposes of the appeal adversely to intervener. The defendant makes substantially the same argument against the objections interposed by plaintiff.

The mere fact that defendant joined with the intervener in making the defense as to the ownership of the ore, does not, in our judgment, entitle it to take advantage of the introduction of the irrelevant testimony. This testimony must be considered as having been admitted by the court not under the original pleadings, but upon the issues presented by the petition of intervention, which was improperly before the court. As we think the intervention ought not to have been allowed, it follows that all the evidence relating to the issues presented by it should be disregarded. True, the defendant might have denied plaintiff's ownership of the ore, and made the same defense as was made by the intervener; but under its pleading it did not do so, and we are of opinion that it was not in a position to take advantage of the error of the court in allowing the intervention. If defendant desired to make the defense that plaintiff was not the owner of the ore, and had no right to sell it, it should have asked leave to so amend its answer as to

present this issue.   While the law abhors a multiplicity of actions, and favors the uniting in one suit of all parties who have an interest in the matter in litigation, it does not sanction the violation of all rules of pleading and practice, as to the proper manner of bringing parties before the court, in order to prevent the former or accomplish the latter.

Owing to the anomalous condition of the pleadings in this case, we are of opinion that the judgment of the district court must be affirmed.

It is so ordered.