RICHMOND RAILWAY & ELECTRIC CO.

*v.*

HARRIS.

*(Supreme Court of Appeals of Virginia, Feb. 2, 1899.)*

[32 S. E. Rep. 458.]

**Contract to Build Railroad—Liability to Subcontractor—Extras.**

A railroad company which has let a contract for the construction and equipment of its road is not liable to a subcontractor for extra work done by him in constructing it under his contract with the principal contractor.

Appeal from Chancery court of Richmond.

Bill by one Harris against the Richmond Railway & Electric Company. There was a decree for complainant, and defendant appeals. Reversed.

*Wyndham R. Meredith* and *Christian & Christian*, for appellant.

*James Lyons* and *Hill Montague*, for appellee.

HARRISON, J., delivered the opinion of the court.

The Richmond Railway & Electric Company, as successor to the Union Passenger Railway Company, having assumed the debts of the last-named company, this proceeding was instituted by the appellee to recover of the first-named company a balance claimed to be due him for extra work done in the construction of the Union Passenger Railway.

It appears from the record that the Union Passenger Railway Company made a contract with the firm of Guy C. Hotchkiss, Field & Co., as general contractors, to build and equip for it a certain street railway partly in the city of Richmond and partly in the county of Henrico. It further appears that Guy C. Hotchkiss, Field & Co. made a contract with the appellee, Harris, as subcontractor, to do the work of construction of the contemplated railway. The claim now set up by Harris against the Richmond Railway & Electric Company is for extra work done by him under his contract with Guy C. Hotchkiss, Field & Co. It clearly appears that there was no contractual relation, either express or implied, between Harris and the railway company. His contract was with Guy C. Hotchkiss, Field & Co., and to them alone can he look for settlement of what may be due under his contract with them. Harris was in no sense a creditor of the railway company, and therefore had no standing in court to maintain the proceeding he has instituted. It is not, as contended, a case for putting the saddle on the right horse. Guy C. Hotchkiss, Field & Co. are not parties to this proceeding, and, for aught that appears to the contrary, the railway company may have settled in full with them for all irregular as well as all regular work done under their contract to build and equip the road.

For these reasons the decree appealed from must be reversed, and a decree entered dismissing the petition filed by the appellee in the court below.

BUCHANAN and CARDWELL, JJ., absent.