## McCarthy v. Kirksley.

### Opinion delivered June 7, 1902.

1. Parties—Contract.—In an action at law by a subcontractor against his principal to recover a sum claimed to be due under their contract, unpaid laborers of such subcontractor cannot intervene and ask to have their claims paid out of the fund to be recovered, upon the ground that the contract between plaintiff and defendant stipulated that plaintiff should pay his laborers as often as payments were made to him, and that, in the event of his failure to do so, the defendant might retain and pay to such laborers whatever sums might be due them.   (Page 447.)

2. Evidence—Pleading.—The allegations of the complaint are not evidence against the defendant upon the trial of an interpleader. (Page 448.)

3. Trust—Jurisdiction.—If a contractor agreed with his subcontractor that the amounts due the latter under the contract should be paid over to a trustee to be applied to the payment of laborers' claims. against the latter, the rights of such laborers under the agreement are enforceable, if at all, only in equity.   (Page 448.)

Appeal from Pulaski Circuit Court.

Joseph W. Martin, Judge.

Reversed.

#### STATEMENT BY THE COURT.

The defendants, McCarthy & Reichardt, were contractors for the construction. of the Choctaw & Memphis Railroad.   As such contractors, they sublet a portion of the work to be done to one Bean.   The contract with Bean contained the following provisions, to-wit:

"The contractor shall promptly pay all subcontractors, material men, laborers, and other employees, as often as payments are made to him by the company, and in the event of his failure at any time to do so the company may retain from all subsequent estimates, and pay over to said subcontractors, material men and laborers, and other employees, such sums as may from time to time be due them, respectively.

"Before final settlement is made between the parties hereto for work done and material furnished under this contract, and before any right of action shall accrue to the contractor against the company therefor, the contractor shall furnish evidence satisfactory to the chief engineer of the company that the work is free from all liens for labor and materials, and that no claim then exists against the same for which any lien could be enforced."

Bean performed work under the contract. Another person, Wells, had some kind of an interest in this contract, or in the money due under it to Bean, and he and Bean brought this action to recover of defendants the sum of $2,600 claimed to be due for the work performed. The complaint alleged that it had been agreed between plaintiff and defendants that the value of the work performed by Bean amounted to the sum of $2,600, and further that it had been agreed that the amount named should be "paid over by the defendants to the plaintiff, M. L. Wells, to be taken and held by Wells in trust for the payment of wages due the laborers and for certain amounts due to Wells and others for material and supplies, but that the defendants had failed and refused to pay anything whatever for said work." Wherefore plaintiffs prayed judgment for the amount named.

The defendants, McCarthy & Reichardt, filed an answer, denying that they had agreed that plaintiff had done $2,600 worth of work, or that defendants had agreed to pay that sum to Wells to be held in trust by him for the payment of wages due laborers or for the payment of other sums due for materials and supplies furnished. They admitted that the sum of $228.61 was due for work performed by Bean, and was unpaid, but they alleged that many of the laborers who performed the work were still unpaid, and that, under the terms of the contract, defendants were not required to pay plaintiffs anything until all such debts were paid.

After this answer was filed certain other parties, to-wit, E. R. Kirksley, Will Nelson, and others, filed a petition, setting up that they had each performed work and labor for Bean in performance of the contract mentioned, and that for this work Bean was severally due them amounts named, which had been reduced to judgments. They further alleged that they had an interest in the subject-matter of the action in this, that "it was expressly agreed by and between plaintiffs and defendants, long before the commencement of this action, that, before the defendants should

pay any sum whatever to the plaintiff Bean or Wells, all laborers and those who furnished material should be paid in full." This petition closed with the following prayer, to-wit: "Wherefore they pray to be made parties plaintiff, to the end that they may avail themselves of said agreement made for their benefit, and at the hearing that their claims be paid in full first, and, if not enough for that purpose, then the amount found due from the defendants be prorated out between them, and for all other and proper relief."

The plaintiffs duly objected to the granting of the prayer of this petition, and asked the court to strike the petition from the files, on the ground that the petitioners had no interest in the action. The court overruled the objections, and permitted the petitioners to become parties to the action. Thereupon the plaintiffs asked leave to dismiss their action, and were permitted to do so, it being ordered that the dismissal should be without prejudice to the rights of the interveners.

Defendants filed their answer to the petition for intervention, denying that the interveners had any right of action against them, and further alleging that the defendants had never made any agreement with Bean or Wells to pay any amount to Wells or anyone else in trust for any of the interveners. This answer was filed before plaintiffs elected to take a non-suit.

On this answer the case went to trial on the issue joined between the interveners and the defendants. There was a finding and judgment in favor of the interveners for the respective amounts claimed by them, and from this judgment the defendants appealed.

*J. W. House, W. S. & Farrar L. McCain,* for appellants.

Third parties may come into suits where the subject-matter is personal or real property. Sand. & H. Dig., § 5636. The defendant was entitled to an adjudication with the plaintiff alone. 144 U. S. 509; 123 N. Y. 532; 17 Am. & Eng. Enc. Law, 636-7; Hawes, Parties to Actions, 109; 65 Ark. 27. It was error to permit the jury to construe the meaning of the undisputed written contract. 67 Ark. 557-8. A defendant, asking relief against a co-defendant, must serve him with process. 43 Ark. 469. A plea in abatement for want of notice is not waived by pleading in bar. 59 Ark. 608. Pleadings cannot be read in evidence unless sworn to by the party himself. 133 U. S. 474; 1 Greenl. Ev. § 186.

Appellants asked leave to withdraw their answer, which was denied. This made it inadmissible as evidence. 58 Ark. 490. An original complaint is of no force after an amended complaint is filed. 33 Ark. 251. The demurrer to the jurisdiction was not waived by pleading over. Sand. & H. Dig., §§ 5720, 5743; 64 Ark. 512.

*T. J. Oliphint* and *A. J. Newman,* for appellees.

One who has an interest in the subject-matter has a right to intervene. 11 Enc. Pl. & Pr. 496, 445-47. When an intervention is filed, it is notice to all parties. 49 Ark. 103; Sand. & H. Dig., § 5636; 11 Enc. Pl. & Pr. 507. The amount of the intervener's claim is not the criterion of jurisdiction; it is the amount in the original suit. 11 Enc. Pl. & Pr. 509.

RIDDICK, J., (after stating the facts.) The question presented by this appeal is whether the circuit court erred in permitting E. R. Kirksley and other intervening petitioners to become parties to this action, and in rendering judgment in their favor against the defendants for the several amounts claimed by them. Our statute provides that "where, in an action for real or personal property, any person having an interest in the property applies to be made a party, the court may order it to be done." Sand. & H. Dig., § 5636. But it is not shown that the intervening petitioners had any interest or lien upon the debt which the plaintiff Bean sought to recover in this case. It is true that they allege that they were employed by Bean, and assisted him to perform the contract he had made with the defendants. But they did not do this under any contract with the defendants. They were employed by and worked for Bean, but they had no contractual relations with the defendants. If they had any lien, it was upon the product of their labor, and not upon the amount due from the defendants to Bean under the contract.

But it seems that they claim the right to sue the defendants by virtue of a provision in the contract between Bean and the defendants upon which Bean based his right of action against defendants. The provision referred to required Bean to promptly pay all laborers as soon as payments were made to him, and further stipulated that, upon a failure to do so, the defendants should have the right to retain all subsequent estimates and make payments direct to the laborers. In addition to this, the contract provided that, before any right of action should accrue to Bean,

he must furnish satisfactory evidence that the work was free from all liens for labor and materials.

But we find nothing in these provisions of the contract that constitutes a promise on the part of the defendants, McCarthy & Reichardt, to pay the claims of these interveners. To protect themselves against liens of laborers and material men, the defendants reserved the right, in certain contingencies, to pay these debts themselves out of money due the plaintiff Bean, and also provided that no right of action should accrue to Bean on the contract until he had paid all such debts. But, though the defendants, as a matter of self protection, reserved the right to pay these debts, they made no promise to do so, and we see nothing in the contract or in the evidence to justify the judgment rendered in this action against them in favor of the interveners.

We have not overlooked the fact that the plaintiff Bean alleged in his complaint that it was agreed between himself and the defendants that the amounts due him on the contract should be paid over to Wells to be held by him in trust and applied in payment of debts contracted by Bean to laborers and material men in performing his contract. But this allegation in Bean's complaint was not evidence against the defendants, McCarthy & Reichardt. The defendants denied that there was any such agreement, and there is no evidence in the record to show that there was.

If we should take this allegation in the complaint as true against Bean, still it would furnish no ground for permitting interveners to join in this action at law against the defendants. At most, it would only entitle them to *pro rata* portions of the proceeds of the claim, when collected by the trustee, Wells, but would give them no right of action at law against the defendants. 15 Enc. Pl. & Pr. 733. The complaint in which this allegation appeared was not signed or sworn to by Bean, and his counsel afterwards claimed that the allegation was the result of a mistake, and asked leave to amend; but we need not consider the effect of this offer to amend, for, even if there was such an agreement as alleged, the rights of the interveners under it would have to be enforced in equity.

It follows from what we have said that in our opinion the court erred in permitting the interveners to become parties, and in rendering judgment in their favor against defendants. The judgment is therefore reversed, and the cause remanded for new trial.