[No. 6642. Decided April 25, 1907.]

## WILLARD W. HINDMAN, *Respondent*, v. AMBROSE FRED COLVIN *et al., Appellants.*[1]

PROHIBITION—GROUNDS—CORRECTION OF ERROR—REMEDY BY APPEAL. Prohibition will not be granted to restrain further proceedings in a foreclosure proceeding, pending an appeal from an order denying leave to an intervener to appear and defend, where the court is not proceeding without or in excess of jurisdiction; as the error, if any, can be corrected on appeal.

MANDAMUS—REMEDY BY APPEAL—SUPERSEDEAS. Mandamus will not be granted to secure a supersedeas on appeal from an order denying an intervener leave to appear and defend a foreclosure action, as no further action can be taken thereon to enforce the order and there is nothing to supersede.

Application filed in the supreme court, February 1, 1907, for a writ of prohibition to restrain the superior court for Thurston county, Linn, J., from further proceeding in a cause pending appeal; also, for a writ of mandate to require the fixing of a supersedeas bond. Writs denied.

*Vance & Mitchell* and *J. W. Robinson,* for appellants.

*W. W. Hindman,* for respondent.

CROW, J.—On May 14, 1906, W. W. Hindman, trustee, commenced an action in the superior court of Thurston

[1]Reported in 89 Pac. 894.

county against the Great Western Coal Development and Mining Company, a corporation, to foreclose a mortgage on certain coal mining interests, personal property, and leasehold estates of the defendant. The defendant entered its appearance, and one George P. Cragin was appointed and qualified as its receiver, with power to act under the orders of the court. Afterwards Ambrose Fred Colvin, Annie Colvin, his wife, Rose Colvin, and Thomas Colvin, minors, by Thomas Ismay, their guardian *ad litem*, claiming to be lessors of the defendant, with power to forfeit one of the leases mentioned in the mortgage, made an application to the superior court for leave to become parties defendant, or to intervene in the foreclosure action and defend. Upon a hearing, this application was denied, and the applicants have appealed to this court from the order refusing them permission to intervene and defend.

The appellants also requested the judge of the superior court to fix a supersedeas bond on their appeal, and this application was denied. It appears from the record that, since the taking of the appeal, the foreclosure action has proceeded to judgment, and that a decree of foreclosure and order of sale has been entered in favor of Hindman, trustee, which the superior court is about to enforce by execution and sale. The appellants, by motion and affidavit, have applied to this court for an original writ to prohibit the superior court and the judge thereof from taking any further action, pending the appeal, looking towards the enforcement and execution of the foreclosure judgment, and also for a writ of mandamus to require the judge of the superior court to fix a supersedeas bond. Upon the presentation of their original application, a temporary order was issued by this court, directing the judge of the trial court to refrain and desist from further proceedings in the foreclosure action until the appeal could be heard upon its merits, or until the further order of this court. The respondent has demurred to their application.

We fail to see how any writ of prohibition can be granted.

The superior court has jurisdiction in the foreclosure action, and does not seem to be proceeding in excess of its jurisdiction. If it has committed error in refusing permission to the appellants to intervene and defend, their remedy is by appeal, and they are now proceeding to avail themselves of that remedy. The function of a writ of prohibition is to arrest proceedings without or in excess of jurisdiction, and not to correct errors.

We also fail to understand any theory upon which the appellants are entitled to a writ of mandamus compelling the trial judge to fix a supersedeas bond. The order from which they have appealed simply denied to them the right of intervention and defense. No further action can or will be taken by the trial court in enforcing such order. Hence, there is nothing to supersede. Our statute, Bal. Code, § 6506 (P. C. § 1054), provides that a supersedeas bond when filed "shall operate so long as it shall remain effectual . . . to stay proceedings upon the judgment or order appealed from." No further proceedings can be taken upon the order here appealed from, which simply denied the right to intervene and defend. If a supersedeas bond were to be fixed by the court and given, the appellants could not, during the pendency of this appeal, appear and defend in the foreclosure action.

"The rule obtains in some states that it is only from orders or judgments which command or permit some act to be done, or which are of a nature to be actively enforced against the party, that a stay of proceedings can be had." 2 Cyc. 887.

The rule above quoted follows from a proper construction of our own statute. The writs of prohibition and mandamus are denied, and the temporary restraining order heretofore entered will stand dissolved from and after the date of the filing of this opinion.

HADLEY, C. J., FULLERTON, ROOT, MOUNT, and DUNBAR, JJ., concur.