[No. 6642. Decided October 28, 1907.]

WILLARD W. HINDMAN, *Respondent*, v. AMBROSE FRED COLVIN *et al., Appellants.*[1]

MORTGAGES—FORECLOSURE—CORPORATIONS—INSOLVENCY—PARTIES—RIGHT TO INTERVENE. Upon an action to foreclose a mortgage upon leasehold estates held by an insolvent corporation, and the appointment of a receiver for the corporation, the lessors of the property in question, who had claims against the corporation and had commenced an action to forfeit one of the leases for nonpayment of rent, in which the receiver had intervened, are not entitled to intervene in the foreclosure suit, and defend against the notes and mortgage as fraudulent, as they are simple contract debtors of the corporation without interest in the subject-matter of, and unaffected by, the foreclosure suit, they not having reduced their claims to judgment or proved the same before the receiver.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered January 21, 1907, denying the petitioners motion for leave to intervene and defend an action to foreclose a mortgage. Affirmed.

*Vance & Mitchell* and *J. W. Robinson*, for appellants.

*James T. Bircham*, for respondent.

CROW, J.—This action, in which applications for writs of prohibition and mandamus have heretofore been made to this court (46 Wash. 317, 89 Pac. 894), was commenced in the superior court of Thurston county, by W. W. Hindman, trustee, against the Great Western Coal Development and Mining Company, a corporation, to foreclose a mortgage on certain coal mining interests, personal property, and leasehold estates. The defendant entered its appearance, and one George P. Cragin was appointed its receiver. The several leasehold estates covered by the mortgage were upon certain large tracts of land belonging to various owners who were

[1]Reported in 92 Pac. 139.

lessors. When the foreclosure proceedings were instituted and the receiver was appointed, there was pending, in the superior court of Thurston county, cause No. 3303, wherein Ambrose Fred Colvin and Anna Colvin, husband and wife, Rosa Colvin and Thomas Colvin, minors, by Thomas Ismay, their guardian *ad litem*, and Thomas Ismay as an individual, were plaintiffs, and the Great Western Coal Development and Mining Company and others were defendants, brought for the purpose of forfeiting one of the leases held by the defendant.

Upon his appointment, the receiver, George P. Cragin, with leave of court, intervened in said cause No. 3303 and proceeded to defend against any forfeiture of such lease. Afterwards on August 29, 1906, the said Ambrose Fred Colvin, Anna Colvin, his wife, Rosa Colvin and Thomas Colvin, minors, by Thomas Ismay, their guardian *ad litem*, and Thomas Ismay individually, filed in this foreclosure action an application for leave to become parties and defend against the mortgage of the plaintiff, W. W. Hindman, trustee. Attached to, and filed with their application, was the affidavit of Thomas Ismay, made on behalf of himself and all the other petitioners, in which, with other facts not necessary to be here stated, he, in substance, alleged that said cause No. 3303 was then pending and undetermined; that the mortgage held by the plaintiff Hindman as trustee was without consideration, fraudulent, and void; that the petitioners were creditors of the defendant corporation, the Great Western Coal Development and Mining Company, holding claims for rentals under their lease, and also various other claims, in the total sum of $2,300; that the corporation was insolvent, and that they should be permitted to defend against the plaintiffs' alleged fraudulent mortgage notes. The petitioners had not reduced their own claims to judgment, had not obtained any liens therefor on the mortgaged property, had not made any proofs thereof, nor had they filed the same with the receiver for an allow-

ance. As to such indebtedness, alleged to be due them, they only appeared to be simple creditors of the corporation. The trial court denied their motion for leave to become parties and defend, and they have appealed.

The substance of the appellants' contention seems to be that, as simple contract creditors of the defendant corporation, they have, by intervention, under Bal. Code, § 4846 (P. C. § 272), the statutory right to become parties to this action and defend against the notes and mortgage of the respondent Hindman, trustee, which they allege to be fraudulent, and that they have such right without first reducing their own claims to judgment and obtaining liens thereunder, or proving and filing the same with the receiver for allowance. To entitle them to intervene under said section, their interest in the matters in litigation must be so direct and immediate that they will either gain or lose by the direct operation or immediate effect of the final judgment which may be entered in this action. This court, in *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, an action similar to this, said:

"Numerous other creditors of the Huron Lumber Company, who had not obtained judgments and had no liens, and were simple contract creditors, were allowed to file so-called interventions, and the cause was then kept waiting until they could sue at law and obtain judgments, when they came in again and filed supplemental complaints. This, under the statute and the authorities, was wholly irregular. Under a statute exactly like ours, the supreme court of California, in the leading case of *Horn v. Volcano Water Co.*, 13 Cal. 62, held that a simple contract creditor of a common debtor could not intervene in a foreclosure suit."

In the case of *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569, cited in the above quotation, the plaintiff was seeking to foreclose a mortgage executed and delivered to the defendant corporation, when certain creditors intervened, alleged fraud in the execution of the mortgage, and contended that it was void as against creditors of the corporation. In

passing upon the right of such creditors to intervene and defend, Mr. Justice Field, speaking for the supreme court of California, said:

"The petition of the creditor, Rawle, does not disclose any right on his part to intervene; it shows that he was a simple contract creditor, holding obligations against the company—but it does not show that any portion of them was secured by any lien upon the mortgaged premises. His intervention is only an attempt of one creditor to prevent another creditor obtaining judgment against the common debtor—a proceeding which can find no support, either in principle or authority. The interest mentioned in the statute, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. . . . To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or a claim to, or lien upon, the property, or some part thereof, which is the subject of litigation. No such claim or lien is asserted in the petition of Rawle, and his right to intervene must, in consequence, fail."

To the same effect see, also, *Smith v. Gale*, 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521; *Lombard Inv. Co. v. Seaboard Mfg. Co.*, 74 Fed. 325; *Vanmeter v. Fidelity Trust & Safety-Vault Co.*, 107 Ky. 108, 53 S. W. 10; *Harlan v. Eureka Mining Co.*, 10 Nev. 92; *Dickson v. Dows*, 11 N. Dak. 407, 92 N. W. 798.

These appellants cannot be bound, nor will they gain or lose any rights, by the final decree or judgment that may be entered for or against the respondent Hindman, trustee, in this foreclosure suit to which they are not parties. If they in fact hold valid claims against the defendant corporation, they can by proper procedure have all their rights protected, but as long as they occupy the position of simple contract creditors, holding alleged claims which are not liens on the mortgaged property and which they have not proved or filed with the receiver, they cannot apply for any remedy or relief

in this foreclosure action by intervention, nor are they entitled as a matter of right to become parties herein for the sole purpose of defending against the claims of the respondent Hindman, trustee.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, DUNBAR, and MOUNT, JJ., concur.