COLE, Appellant, v. SCHAMBER, et al, (Reiley, Sheriff, Inter-venor), Respondents.

(155 N. W. 189.)

(File No. 3779.    Opinion filed December 18, 1915.)

1.  **Pleadings—Parties—Intervention—Matter in Litigation—Judg-ment Creditor's Execution Interest in—Statutes.**

A sheriff, plaintiff in intervention under a levy of execution upon the interest of the plaintiff in the main suit upon promis-sory notes, acquired, under such levy, a lien upon the interest due on such notes, sufficient to maintain intervention in said suit, under Civ. Code Sec. 96, authorizing intervention by any person having an interest in the matter in litigation in an action, whether in the success of either party or against both, and Code Civ. Proc. Secs. 217, 218, authorizing sheriff to collect notes and other evidences of indebtedness seized under execu-tion and to apply proceeds in payment of the judgment; and such sheriff has a direct interest in the interest due on such notes, as against both plaintiff and defendant.

2.  **Pleadings—Parties—Complaint in Intervention—Demurrer—Ex-ecution Levy on Notes in Suit—Jurisdiction of Court, Doc-keting Judgment, Sufficiency of Complaint as to—Presumption as to Judgment.**

. A complaint in intervention by a sheriff, alleging a levy under execution issued to him out of the circuit court upon its judgment against the payee of notes on which was involved in the suit in which the intervention was had, which levy was made upon the said interest as the property of said payee, was sufficient; as against a demurrer, to show a valid judgment, implying that the Court had jurisdiction of the parties, and that the judgment was duly docketed; the presumption being, in the absence of contrary showing, that the judgment was still unsatisfied and that execution could still issue thereon, and that, from the course pursued by the intervenor, the execution was against the property, rather than the person, of the defendant payee.

3. **Pleadings — Complaint in Intervention — Demurrer — Execution Levy on Notes in Suit—Indefiniteness of Complaint as to Judgment Levy—Remedy by Motion.**

If a demurred-to complaint in intervention, involving a levy by intervenor upon the interest of the payee of notes in suit, is not sufficiently definite as to the parties and jurisdictional facts involved in the judgment under which the levy was made, as to enable the demurrant to prepare his defense, such defect can be reached by a motion to make more definite and certain, rather than by demurrer.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Alvina Cole, against John Schamber and others, upon promissory notes, with complaint in intervention by Eugene Reiley as sheriff. From an order overruling a demurrer to the complaint in intervention, plaintiff appeals. Affirmed.

*Joe Kirby*, for Appellant.

*Aikens and Judge*, for Respondents.

(1)   To point one of the opinion, Appellant cited:

Code Civ. Proc., Sec. 96; Dennis v. Spencer, Nelson, Intv., 53 N. W. (Minn.) 631; Gale v. Frazier, 4 Dak. 196; Gale v. Smith, 144 U. S. 509, 36 L. Ed. 521; Bennett v. Whitcomb, 25 Minn. 148; Horn v. Water Co., 13 Cal. 62, 73 Am. Dec. 569; Gasquet v. Johnson, 1 La. 425; Lewis v. Lewis, Harwood, Int., 10 N. W. (Minn.) 586.

Respondent cited:

Code Civ. Proc., Sec. 338, 205, 217, 218, 96; Kelly v. Brensing, 32 Barb. (N. Y.) 601, 33 Id. 123.

(2)   To point two of the opinion, Appellant cited:

Code Civ. Proc., Secs. 329, 331, 332; Taylor v. Adair and Goff, Intervenor, 22 Iowa, 279.

Respondent cited:

Linn v. Jackson, 63 N. W. 208.

POLLEY, J. [1] This action was commenced by plaintiff to recover the interest due on two promissory notes of which she claims to be the owner, executed by defendants and originally payable to one Ed. J. Gotthelf. The intervener, Eugene Reiley, filed a complaint in intervention, in which he alleged that the said Ed. J. Gotthelf had not sold said notes to plaintiff, but that he is still the owner thereof and the interest now due thereon. The intervener further alleges that he is the sheriff of Minnehaha county, and that, by virtue of an execution duly issued to him as such sheriff out of the circuit court of Minnehaha county upon a judgment of said court, in favor of one J. F. McEwen and against the said Ed. J. Gotthelf, he, the said sheriff, duly levied upon the interest due and owing by said defendants upon the said notes as the property of the said Gotthelf, and that, by virtue of the said levy, he, as such sheriff, has an interest in the subject-matter of the litigation against both plaintiff and defendant. Plaintiff demurred to this complaint in intervention on the ground that it does not state facts sufficient to constitute a cause of action in favor of said intervener as against either plaintiff or defendant, or to show that said intervener has an interest in the matter in litigation in the success of either plaintiff or defendant, or that he has an interest against both. The trial court overruled this demurrer, and from the order overruling the same plaintiff appeals.

Section 96, C. C. Pro., provides that any person who has an interest in the matter in litigation in any action or proceeding, whether in the success of either party or against both, may intervene in such action or proceeding. This action having been brought for the recovery of the interest due on the Gotthelf notes, such interest is the matter in litigation; and, the intervener having levied thereon under his execution, he has acquired a lien upon this particular fund, and, therefore, as such sheriff, has an interest therein as against both plaintiff and defendant. But it is the contention of appellant that this is not such a *direct interest* in the result of the litigation as entitled him to intervene in the action. With

this contention we cannot agree. Under the provisions of section 217 and section 218, C. C. Pro., a sheriff may maintain an action for the collection of— ·

"notes and other evidences of debts that may have been seized or attached * * * and apply the proceeds hereof to the payment of the judgment."

The intervener, having a right to maintain an action for the recovery of the interest so levied upon, has the right to intervene in an action for the collection of said interest. The cases cited by appellant in support of his contention are not in point. This case is governed by the principles announced in Taylor v. Adair et al., 22 Iowa, 279. Under the allegations of the complaint in intervention, the interest due on the Gotthelf notes should be applied . on the McEwen judgment, and, for the purpose of so applying it, the intervener is entitled to its possession as against both plaintiff and defendant. And, as said in Taylor v. Adair, supra, why should he "not have privilege of coming into court and, upon establishing, as against the plaintiff, his right" to the said interest, recover it in his own name? It is to meet just such situations as is shown by this record that section 96 was enacted.

[2] It is next contended by appellant that it is not shown by the complaint in intervention that the circuit court of Minnehaha county had jurisdiction of the parties to the McEwen case, nor when said judgment was rendered, nor that it was ever docketed, nor the form of execution held by the intervener, and that, for these reasons, it fails to show that the intervener is entitled to the relief sought. The allegation of the complaint in intervention upon which this contention is based is as follows:

"That upon the 24th day of September, 1914, under and by virtue of an execution duly issued to him out of the circuit court of the Second judicial circuit of the state of South Dakota, within and for the county of Minnehaha, upon a judgment of said court in favor of John F. McEwen and against Ed. J. Gotthelf, the payee in the notes set forth in the complaint in the above-entitled action, he duly levied upon the interest due and owing by the defendants in said action upon said notes for the year ending September 1, 1914, as the property of the said Ed. J. Gotthelf, and that by virtue of said levy he, as such sheriff, has an interest in the mat-

ter in litigation in said action against both plaintiff and defendants herein."

We believe the facts alleged in this paragraph are sufficient to show the existence of a valid judgment, which implies, of course, that the court had jurisdiction of the parties, and that said judgment was duly and properly docketed. In the absence of any showing to that effect, it will not be presumed that the judgment had been satisfied, or that the time within which an execution could properly issue had expired; and, from the course pursued by the intervener, it will be presumed that he has an execution against the property of the defendant rather than one against his person, or for the delivery of specific real or personal property.

[3] If the complaint in intervention is not sufficiently definite to enable appellant to properly prepare his defense, such defect can be reached by a motion to make said complaint more definite and certain; but it is sufficient as against a demurrer.

The order appealed from is affirmed.