[No. 13224.   Department Two.   April 28, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Clyde H. Williams, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

PARTIES—INTERVENTION—COMMON LAW. There being no right of intervention at common law, its existence in an action at law depends upon statute.

PARTIES—INTERVENTION—RIGHT TO INTERVENE—"INTEREST IN LITIGATION"—STATUTES. In an action at law for a balance due on railroad construction work, brought by an assignee of the contract against the principal contractor and the railroad company, the plaintiff's subcontractor for part of the work under a different contract with plaintiff, to which the defendants were not parties, is not entitled to intervene, under Rem. & Bal. Code, § 202, authorizing intervention by any person who has an interest in the matter in litigation, in the success of either party, or an interest against both, and providing that an intervention takes place when a third person is permitted to become a party by joining in the claims of either party or demanding anything adversely to both; since the interest must be such that the intervener will either gain or lose by the direct legal operation of the judgment, and not merely that of a contract creditor of the plaintiff without privity with defendants, whose only interest is in the creation of a greater fund from which to realize upon his claim against the plaintiff.

MORRIS, C. J., and HOLCOMB, J., dissent.

Certiorari to review a judgment of the superior court for Spokane county, Huneke, J., entered December 11, 1915, in an action on contract, dismissing a complaint in intervention, upon sustaining a demurrer thereto.   Affirmed.

*P. W. Kimball*, for relator.

*Wakefield & Witherspoon, Bogle, Graves, Merritt & Bogle*, and *Preston & Thorgrimson*, for respondent Rice & Company *et al.*

*A. M. Craven* and *W. T. Beck*, for respondent Kettle Valley Railway Company.

[1]Reported in 157 Pac. 28.

MAIN, J.—This case is here for the purpose of reviewing a judgment of the superior court dismissing a complaint in intervention. The facts are these: On June 29, 1911, the Kettle Valley Railway Company, a corporation, contracted with L. M. Rice & Company, a corporation, for the construction of forty-one miles of railroad. Rice & Company took this contract, not only for the benefit of itself, but for the benefit of Boomer & Hughes and Grant Smith & Company. In referring to these parties, the name of Rice & Company alone will be used.

The contract covered all the work of grading the right of way, erecting trestles, and otherwise preparing the roadbed for the rails. The work was to be paid for at certain unit prices specified in the contract, and was to be done according to the plans and specifications prepared by the railroad company. The engineer of the railroad company was made the arbitrator to determine disputes, and his decision was to be final and conclusive upon the parties.

On October 14, 1911, Rice & Company assigned or sublet the contract, excepting a small portion of the clearing, to Cross, Duffy & Heckman. The contract between Rice & Company and the railroad company was made a part of this contract. Cross, Duffy & Heckman were to receive the entire compensation paid by the railroad company, less seven and one-half per cent.

On March 15, 1912, Cross, Duffy & Heckman entered into a written contract with Clyde H. Williams for a certain portion, five miles in length, of the work. In this contract, the unit prices were not the same as in the contract of the railroad company with Rice & Company. Neither did this contract refer to that contract and make it a part thereof. The work was to be done according to plans and specifications of the railroad company, and the engineer of that company was to make the classification and decide all questions arising from or growing out of the agreement, and his decision was final

and conclusive between the parties. Neither the railroad company nor Rice & Company were parties to this contract.

On or about the 24th day of November, 1914, after the work covered by the contract of the railroad company with Rice & Company which was subsequently assigned to Cross, Duffy & Heckman had been completed, Cross, Duffy & Heckman brought an action against Rice & Company and the railroad company claiming a large balance to be due upon the contract. This balance, as alleged in the complaint, was made up of items for underestimates, erroneous classification, extra expense caused by alteration of the plans, and other similar items. After this action had been instituted, Williams, upon an *ex parte* application, filed his complaint in intervention, in which he claimed that, under his contract with Cross, Duffy & Heckman, there was a balance due him in the sum of $67,000 from both the plaintiffs and the defendants in that action. In the complaint in intervention, the items for which recovery was sought were erroneous classification and a small amount of extra work. Subsequently a second amended complaint in intervention was filed. To this complaint, a demurrer was interposed and sustained. Whereupon a judgment was entered dismissing the second amended complaint in intervention.

The question here for determination is whether the judgment dismissing the second amended complaint in intervention was erroneous. The action in which the intervention was sought was purely a law action. At common law, in such an action there was no right of intervention. Where the right exists, it must be by reason of a statute. Rem. & Bal. Code, § 202 (P. C. 81 § 47), provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is

sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by a complaint setting forth the grounds upon which the intervention rests, filed by leave of the court or judge on the *ex parte* motion of the party desiring to intervene."

This statute was borrowed from the state of California. Code of Civil Proc., Kerr's Suppl., 1906-1909, § 387. A like or similar statute exists in a number of other states. The rule by which it is to be determined whether a person has a right to intervene under the provisions of the statute was stated by Mr. Justice Field in *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569, as follows:

"The interest mentioned in the statute, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment."

The construction of the statute, as made in that case, has been adopted and approved in, *Hindman v. Colvin*, 47 Wash. 382, 92 Pac. 139; *Coffman v. Spokane Chronicle Pub. Co.*, 65 Wash. 1, 117 Pac. 596, Ann. Cas. 1913 B. 636; *Smith v. Gale*, 144 U. S. 509; *McClurg v. State Bindery Co.*, 3 S. D. 362, 53 N. W. 428, 44 Am. St. 799; *Harlan v. Eureka Mining Co.*, 10 Nev. 92.

Mr. Pomeroy, in the third edition of his work on Code Remedies, after reviewing a number of representative cases, in § 430, states the test by which it is to be determined whether a person has such an interest in litigation pending between other parties as will entitle him to intervene, as follows:

"The intervenor's interest must be such, that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or if the action had first been brought

against him as the defendant, he would have been able to defeat the recovery in part at least."

The rule being that the interest mentioned in the statute which entitles a person to intervene in a suit between other parties must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment, it remains to inquire whether the intervener here is within the rule. The intervener being a mere subcontractor under Cross, Duffy & Heckman, there was no privity of contract between him and the defendants in the action, and he therefore could not maintain an action against such defendants. *McCarthy v. Kirksley*, 70 Ark. 444, 69 S. W. 53; *Richmond R. & Elec. Co. v. Harris* (Va.), 32 S. E. 458; *Huntsville, B. L. & M. S. R. Co. v. Corpening*, 97 Ala. 681, 12 South. 295.

The intervener was not a lien creditor, but his rights were based upon his contract with Cross, Duffy & Heckman, the plaintiffs in the action. In a sense, at least, he was a contract creditor of the plaintiffs. He was interested in the litigation in common with the plaintiffs to the extent that, if the plaintiffs prevailed, a larger fund would exist out of which he might realize upon any judgment he might obtain against them upon his contract.

A creditor has not such a direct interest in the litigation that he has a right to intervene for the purpose of resisting the recovery by the plaintiff when, if such recovery were successfully resisted, there would be a larger fund in the hands of the defendant out of which he might realize upon his claim. *Hindman v. Colvin*, 47 Wash. 382, 92 Pac. 139; *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb. 137, 49 N. W. 1100. If a creditor has not such an interest in the litigation as will entitle him to intervene and resist recovery by the plaintiff because, if such defense be successful, a greater fund would exist out of which he could realize upon his claim against the defendant, it would seem to follow that a contract creditor of the plaintiff does not have such an interest in the litiga-

tion as would entitle him to intervene for the purpose of assisting in the recovery against the defendant, and thereby enhance the fund in the hands of the plaintiff out of which the intervener's claim could be realized.

The intervener will neither suffer loss nor gain by the direct legal operation and effect of whatever the judgment may be in the action between the original parties. If the plaintiff lose in that action, the intervener still has a right to sue the plaintiffs upon his contract. If the plaintiff prevail in that action, the intervener's rights upon his claim against the plaintiff are not affected. His rights are upon a contract with the plaintiff alone. He has no rights growing out of any contract with the defendants; there is no contractual relation between him and the defendants.

The intervener, in support of his claim of a right to intervene, cites the cases of *Muhlenberg v. Tacoma,* 25 Wash. 36, 64 Pac. 925; *Taylor v. Adair,* 22 Iowa 279; *Stich v. Dickinson,* 38 Cal. 608; *Coffey v. Greenfield,* 55 Cal. 382; *Morey v. Lett,* 18 Colo. 128, 31 Pac. 857. All of these cases, with one exception, are easily distinguishable from the case now under consideration. In the *Muhlenberg* case, the question at issue was the validity of certain city warrants. The intervener claimed to own the warrants and thus had a direct interest in the matter in litigation. In the *Taylor* case, the action was upon a promissory note, and the intervener, as executor for a deceased person, claimed that the note was the property of the estate. In the *Stich* case, the action was upon a promissory note and the intervener claimed to be the rightful owner thereof. In the *Morey* case, it was said:

"The privity between Lett [intervener] and Harvey [principal defendant] in the contract is fully established."

It thus appears that, in those cases, the intervener was either asserting title to the subject-matter in litigation, or the relation of privity existed. In the present case, the inter-

vener has no right or title to the subject-matter in litigation between the plaintiffs and the defendants. Neither is there any privity between him and the defendants. His only right is a judgment against the plaintiffs for any balance that may be due upon his contract with them.

The *Coffey* case, it must be admitted, is not so easily distinguishable as the other cases mentioned. In that case, the intervener was the holder of a sheriff's certificate of purchase, derived through the foreclosure of a mortgage. The plaintiff brought the action against the defendant attempting to establish that the defendant had held the title to the property covered by the mortgage in trust for the plaintiff. The right of the intervener was there sustained, because the intervener was interested in the success of the defendant in that action, and because he had an interest in the subject-matter in litigation. It was there said that he was interested in the success of the defendant because the judgment would determine all claims of the plaintiffs to the property, and render the intervener's title, if he obtained a deed from the sheriff, as against them, indisputable. The intervener there was interested in the subject-matter of the litigation by virtue of his mortgage upon the property. It had been foreclosed and merged into the sheriff's certificate of purchase. Had the decision rested alone upon the intervener's interest in the subject-matter of the litigation, it doubtless would have been within the rule above stated by which the right of intervention is to be determined. But the holding that the right of intervention existed because of his interest in the success of the defendant in the litigation, would hardly bring the case within the rule. In the opinion the previous holdings from the same court are not referred to. Neither is any reference made to the decisions of other courts construing like or similar statutes. Even though that case may not be distinguishable, wherein it holds that the intervener was interested in the success of the defendant in the action, and thus had a right to intervene, we do not think it should

be given controlling force and thus modify the well settled rule as established by the adjudications of the courts of a number of states where a like or similar statute exists. In the case now before us, the intervener did not have a direct interest in the success of either party, or an interest against both, or in the subject-matter in litigation between the plaintiffs and the defendants, such that he would suffer gain or loss by the direct legal operation and effect of any judgment that might be rendered in that action between the original parties; and, hence, under the rule, did not have the right to intervene.

The judgment will be affirmed.

PARKER and BAUSMAN, JJ., concur.

HOLCOMB, J. (dissenting)—It seems plain to me, upon the allegations of the amended complaint, (1) that relator has an immediate and substantial interest, as privy of contract to all the parties, in the subject-matter of the litigation in the principal case; (2) that he is most likely to suffer loss if the defendants prevail; (3) that he is certain to gain if the plaintiffs succeed therein and proportionately with the degree or amount of the success of plaintiff; (4) that the intervention would avoid a multiplicity of suits involving the rights of the parties; and (5), that the intervention would work no harm to the railroad company or Rice & Company, or Cross, Duffy & Heckman, other than as justice would demand.

It seems obvious to me that the case falls squarely within the statute of intervention and the rule enunciated in Pomeroy's Code Remedies, § 430, and as applied in *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569.

The judgment should be reversed and the right of intervention granted. Therefore, I dissent.

MORRIS, C. J., concurs with HOLCOMB, J.